UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL SURETY CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, and NUSSLI (US), LLC,<br><br>　　　　Defendants. | Case No.: 22-CV-06623<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

Plaintiff, National Surety Corporation ("National Surety"), for its Complaint for Declaratory Judgment and Damages against Defendants The Travelers Indemnity Company of Connecticut ("Travelers"), and Nussli (US), LLC ("NUS"), states as follows:

## NATURE OF ACTION

1. In this action, National Surety seeks a declaration that Travelers is obligated to defend and indemnify the City of New York, New York City Department of Parks and Recreation, Randall's Island Park Alliance, Inc., SFX Entertainment d/b/a/ Livestyle Inc., SFX Acquisition, EZ Festivals LLC, and Made Event, LLC, (collectively, the "National Surety Insureds") as additional insureds on a primary, non-contributory basis in connection with an underlying lawsuit filed on September 13, 2018 by Brandon Noble ("Noble") against the National Surety Insureds and Backbone North America Inc., Winick Productions, LLC, F&D Productions Incorporated, and NUS pending in the Supreme Court of the State of New York, Index No. 158510/2018, seeking damages Noble alleges to have sustained when he fell from scaffolding on Randall's Island on

August 24, 2017 (the "Noble Action"). A true and accurate copy of the July 7, 2020 Amended Complaint filed in the Noble Action is attached hereto as Exhibit A.

2. National Surety seeks a declaration that NUS, Travelers' insured, has a contractual indemnity obligation to the National Surety Insureds, and was required to name the National Surety Insureds as additional insureds on its insurance policies, including its commercial general liability coverage.

3. National Surety seeks a declaration that Travelers has a primary, noncontributory, obligation to defend and indemnify the National Surety Insureds in the Noble Action.

4. National Surety seeks a declaration that National Surety's obligation to defend and indemnify the National Surety Insureds in the Noble Action, is excess to Travelers' obligations to defend and indemnify the National Surety Insureds.

5. National Surety seeks a declaration that it is entitled to reimbursement from Travelers for any and all defense costs incurred on behalf of the National Surety Insureds in relation to the Noble Action, and requests that the Court direct Travelers to pay all amounts National Surety has incurred, plus interest.

**PARTIES**

6. Plaintiff National Surety was and is a corporation organized under the laws of the State of Delaware with its principal place of business and statutory home office in Illinois. National Surety is now and was at all relevant times to this Complaint licensed or authorized to write and issue insurance and conduct business within the State of New York.

7. Defendant The Travelers Indemnity Company of Connecticut was and is a corporation organized under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

8. Defendant NUS is a foreign limited liability company organized under the laws of the State of Indiana with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

9. This lawsuit is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and the relief requested is specifically authorized by the Act.

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the matter in controversy is between citizens of different states and exceeds the sum of $75,000.

11. There is a present and actual controversy between the parties as to the coverage afforded under the insurance policies issued by Travelers and National Surety, and the indemnity obligations of NUS to the National Surety Insureds.

12. Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the August 24, 2017, accident from which the claims and suits at issue arise took place in the District, and because the underlying liability lawsuit has been filed in the State of New York, among other grounds.

## INSURANCE POLICIES

13. National Surety issued a commercial general liability policy, policy no. XPK80979804 for the policy period of June 30, 2017 to June 30, 2018 (the "National Surety Policy") providing coverage generally for bodily injury caused by an accident that takes place during the policy period. A true and accurate copy of the National Surety Policy is attached as Exhibit B.

14. Travelers issued a Commercial General Liability Policy No. H-660-8321X453-TCT-17 to NUS for the policy period of January 1, 2017 to January 1, 2018 (the "Travelers Primary Policy"). A copy of the Travelers Primary Policy is attached as Exhibit C.

3

**FACTS**

15. This matter arises out of a construction site project accident for the 2017 Electric Zoo Concert where Defendant Noble alleged to have been injured when he fell from scaffolding when engaged in erecting a scaffold on Randall's Island, New York on August 24, 2017.

16. Weeks prior to the accident, on August 8, 2017, NUS entered into a lease agreement with EZ Festivals LLC (the "Lease Agreement"). A true and accurate copy of the Lease Agreement is attached as Exhibit D.

17. Through correspondence dated June 11, 2020, and subsequent follow-up communications on October 22, 2020 from National Surety Insureds' defense counsel, Michael Titowsky, demanded that Travelers and/or NUS defend and indemnify the National Surety Insureds as additional insureds under the Travelers Primary Policy. Copies of the June 11, 2020 correspondence is attached as Exhibit E.

18. Through correspondence dated December 11, 2020, from National Surety demand was again made under the Travelers Primary Policy for defense and indemnification, demanding that Travelers defend National Surety Insureds on a primary and non-contributory basis, citing the Travelers Primary Policy and the indemnification provision in the Lease Agreement. See attached copy of the December 11, 2020 correspondence attached as Exhibit F.

19. National Surety contacted Travelers on several occasions in an effort to obtain a substantive response to its December 11, 2020 correspondence, including emails and/or phone calls on the following dates: February 3, 2021, March 2, 2021, and April 21, 2021.

20. To date, Travelers has refused to defend and indemnify the National Surety Insureds in connection with the Noble Action.

21. National Surety agreed to participate in the defense of National Surety Insureds.

## COUNT I
### Declaratory Judgment
### NUS Owes Contractual Indemnity to the National Surety Insureds

22. National Surety incorporates by reference the allegations of paragraphs 1 through 21 of this Complaint, as though set forth fully herein.

23. The Lease Agreement contains an indemnification provision, which provides as follows:

> **9.     INDEMNIFICATION**. NUS shall indemnify, defend and hold LiveStyle, Inc., EZ Festivals, LLC, Made Event, LLC, Core Productions, LLC, Backbone North America Inc., City of New York, New York City Department of Parks & Recreation, Randall's Island Park Alliance, Inc., their parent, subsidiary, and affiliate companies, and each of their respective officers, directors, members, officers, employees, agents and representatives successors, agents, and assigns, and such other parties reasonably requested by Lessee, including without limitation, governmental authorities (collectively, the "*Lessee Parties*") harmless from and against any and all claims, losses, costs, expenses, debts, obligations, liabilities, actions or damages, including liability for injuries to or death of person or person, or damage to property, (collectively, "*Claims*") imposed upon any or all of the Lessee Parties in connection with, or arising out of the negligent acts or omissions of NUS and its managers, officers, employees, agents and representatives (the foregoing persons, collectively, "*NUS Parties*") and any contractors or subcontractors of any NUS Party.

24. The National Surety Insureds are all identified as Lessee Parties under the indemnification provision of the Lease Agreement.

25. Noble alleges in the Amended Complaint in the Noble Action that NUS caused in whole or in part the injuries he sustained through its negligent acts or omissions.

26. Accordingly, NUS is obligated to defend, indemnify, and hold harmless the National Surety Insureds under the Lease Agreement.

5

## COUNT II
### Declaratory Judgment
### Travelers Has a Duty to Defend and Indemnify on a Primary Non-Contributory Basis under the Travelers Primary Policy

27. National Surety incorporates by reference the allegations of paragraphs 1 through 26 of this Complaint, as though set forth fully herein.

28. The Lease Agreement provides under Section 10 "INSURANCE", that each party shall maintain a minimum insurance coverage including but not limited to, coverage for commercial general liability, and products and completed operations liability and personal injury, and advertising injury and that "NUS shall name each of the Lessee Parties on its own policies (excluding workers' compensation) as additional insureds."

29. The National Surety Insureds all qualify as Lessee Parties under the Lease Agreement.

30. Section 10 of the Lease Agreement further provided that "NUS's policies shall apply on a primary and non-contributory basis irrespective of any other insurance whether collectible or not."

31. The Travelers Primary Policy issued to NUS generally provides coverage for bodily injury caused by an accident that takes place during the policy period.

32. The Amended Complaint in the Noble Action alleges bodily injury caused by an accident during the policy period, namely on August 24, 2017.

33. The Travelers Primary Policy includes an Additional Insured Endorsement, CG D2 46 08 05, which amends Section II, "WHO IS AN INSURED" to include as follows:

> any person or organization that you agree in a "written contract requiring insurance" to include as an additional insured on this Coverage Part, but:
>
> a) Only with respect to liability for "bodily injury", "property damage" or "personal injury"; and

6

  b) If, and only to the extent that, the injury or damage is caused by acts or omissions of you or your subcontractor in the performance of "your work" to which the "written contract requiring insurance" applies. The person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization.

34. The Additional Insured Endorsement defines "written contract requiring insurance" as follows:

> that part of any written contract or agreement under which you are required to include a person or organization as an additional insured on this Coverage part, providing that "bodily injury" and "property damage" occurs and the "personal injury" is caused by an offense committed:
>
> a. After the signing and execution of the contract or agreement by you;
>
> b. While that part of the contract or agreement is in effect; and
>
> c. Before the end of the policy period.

35. The Travelers Primary Policy includes an "**OTHER INSURANCE — ADDITIONAL INSUREDS**" endorsement which provides as follows:

> **a. Primary Insurance:**
>
> However, if you specifically agree in a written contract or written agreement that the insurance provided to an additional insured under this Coverage part must apply on a primary basis, or non-contributory basis, this insurance is primary to other insurance that is available to such additional insured which covers such additional insured as a named insured, and we will not share with that other insurance, provided that:
>
> a. The "bodily injury" or "property damage" for which coverage is sought occurs;
>
>       \*\*\*
>
> Subsequent to the signing and execution of that contract or agreement by you.

36. The Lease Agreement is a written contract that required NUS to insure the National Surety Insureds as additional insureds under the Travelers Primary Policy.

37. Noble alleges in the Amended Complaint that NUS caused in whole or in part the injuries he sustained through its acts or omissions in the performance of its work.

38. The bodily injury complained of in the Noble Action occurred after the execution of the Lease Agreement on August 9, 2017 and before the Travelers Primary Policy's policy period ended on January 1, 2018.

39. The bodily injury occurred while the Lease Agreement was still in effect, with installation period through the end of August and rental and removal period through mid-September, 2017.

40. Based on the foregoing, and upon the provisions, definitions, endorsements, terms, and conditions in the Travelers Primary Policy and the Lease Agreement, Travelers has a duty to defend and indemnify the National Surety Insureds as additional insureds with respect to the Noble Action on a primary and non-contributory basis.

## COUNT III
### Declaratory Judgment (Equitable Contribution)

41. National Surety incorporates by reference the allegations of paragraphs 1 through 40 of this Complaint, as though set forth fully herein.

42. In the Noble Action Amended Complaint, Noble alleges that the National Surety Insureds caused in whole or in part the injuries he sustained through their acts, or omissions.

43. As set forth above, Travelers has a duty to defend and indemnify National Surety Insureds on a primary and non-contributory basis.

44. To date, Travelers has refused to defend and indemnify the National Surety Insureds in connection with the Noble Action, despite having demanded the same.

45. The National Surety Policy contains an excess "other insurance" provision that provides that coverage under the National Surety Policy is excess over any other coverage

available to the Insureds under the National Surety as additional insureds, and that when the National Surety Policy is excess, it has no duty to defend the insured if any other insurer has the duty to defend the insured. If National Surety defends its insureds because no other insurer assumes the defense, it is entitled to its insureds' rights against those insurers. See Ex. B, Section IV Commercial General Liability Conditions, 4(b).

46. As a result of Travelers' failure to provide a defense in violation of its obligations set forth in the Travelers Primary Policy, National Surety agreed to participate in the defense of National Surety Insureds, and has incurred and continues to incur defense costs on behalf of the National Surety Insureds.

47. Accordingly, an actual and justiciable controversy exists between National Surety and Travelers concerning Travelers' obligations to reimburse National Surety for the defense costs it has incurred and continues to incur on behalf of the National Surety Insureds in the Noble Action, and the Court should award to National Surety all amounts it has incurred or will incur in defending the National Surety Insureds in the Noble Action, plus interest from the date of tender to Travelers.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff National Surety respectfully request that this Court enter an order in favor of Plaintiff:

a. Declaring that Travelers owes a sole and primary duty to defend and indemnify the National Surety Insureds in the Noble Action;

b. Declaring that NUS owes a duty to indemnify the National Surety Insureds under the Lease Agreement;

c. Declaring that Travelers has a current duty to defend or indemnify National Surety Insureds in the Noble Action, and National Surety is entitled to reimbursement from Travelers for the defense costs incurred by National Surety in defending the National Surety Insureds in the Noble Action;

d. Declaring that, National Surety's obligation to defend and indemnify the National Surety Insureds in the Noble Action, is excess to Travelers' obligations to defend and indemnify the National Surety Insureds;

e. Awarding National Surety reimbursement from Travelers for the amount it has incurred to defend the National Surety Insureds, plus interest;

f. Retaining jurisdiction of this action to ensure compliance with its Court's Order; and

g. Granting other such relief as the Court may deem just and proper, including, if necessary, trial by jury.

Dated: August 3, 2022  
New York, New York

**SKARZYNSKI MARICK & BLACK LLP**

By: _____

Thomas H. Cellilli, Esq.  
One Battery Park Plaza, 32nd Floor  
New York, New York 10004  
(212) 820-7700  
tcellilli@skarzynski.com

Heidi A. Kuffel, Esq.  
353 North Clark Street, Suite 3650  
Chicago, Illinois 60654  
(312) 946-4200  
hkuffel@skarzynski.com  
*Attorneys for National Surety Corporation*